IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CLAUDIA INGLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CIVIL NO. 16-cv-1148-JPG-CJP |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) | |
| Defendant.[1] | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the parties' Stipulation to Remand to the Acting Commissioner (Doc. 17). The parties agree that this case should be remanded to the Acting Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A sentence four remand (as opposed to a sentence six remand) depends upon a finding of error, and is itself a final, appealable order. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 978 (7th Cir. 1999). Upon a sentence four remand, judgment should be entered in favor of plaintiff. *Schaefer v. Shalala*, 509 U.S. 292, 302-03 (1993).

The parties agree that, upon remand, "an ALJ will hold a new administrative hearing; reevaluate Plaintiff's symptoms, further evaluate and weigh the opinion evidence of record; evaluate Plaintiff's maximum residual functional capacity; if warranted, obtain supplemental vocational expert evidence; and issue a new decision. In so doing, the ALJ will address Dr. Wharton's opinion that Plaintiff is limited to performing 1-2 step tasks and explain the weight given to this opinion; evaluate the opinion of Dr. Qureshi, acknowledging that a marked

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (visited Feb. 7, 2017). She is automatically substituted as defendant in this case. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

impairment at Step 3 is not necessarily inconsistent with the opinion that Plaintiff is 'seriously limited, but not precluded' from work activities; and evaluate Plaintiff's symptoms and limiting effects, consistent with SSR 16-3p, specifically addressing Plaintiff's qualifications on her ability to perform activities of daily living."

The Court notes that plaintiff applied for disability benefits in January 2008, more than nine years ago. (Tr. 15.) Her case has already been remanded to the agency twice. (Tr. 623, 1204.) While recognizing that the agency has a full docket, the Court urges the Commissioner to expedite this case on remand.

For good cause shown, the parties' Stipulation to Remand to the Acting Commissioner (Doc. 17) is **GRANTED**. The final decision of the Commissioner of Social Security denying Claudia Ingle's application for social security benefits is **REVERSED and REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence **four** of 42 U.S.C. § 405(g). The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: April 19, 2017**

        s/ J. Phil Gilbert
        **J. PHIL GILBERT**
        **UNITED STATES DISTRICT JUDGE**